UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE L. STOWERS,<br><br>    Petitioner,<br><br>    vs.<br><br>SAN BERNARDINO COUNTY,<br><br>    Respondent. | Case No. EDCV 14-01905-CAS (KK)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

The Court's review of the Petition for Writ of Habeas Corpus ("Petition:), filed herein on August 26, 2014, after being transferred from the Northern District of California reveals that it suffers from the following deficiencies:

    1. **Failure to Identify Grounds for Relief**: The habeas form is not properly or completely filled out. For example, in ¶ II of the Petition, petitioner is supposed to specify the grounds for relief. Petitioner simply wrote "not confined now" and "see atah (sic) pages." However, none of the pages that follow provide any insight as to the purported grounds for relief. Under 28 U.S.C. § 2254(a), Petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.

    Moreover, it appears to the Court that any asserted claims may be

barred by the principles enunciated in Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). As indicated on the Petition, Petitioner pleaded guilty. Pet. ¶ I,D. In Tollett, the Supreme Court held that, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." See also Menna v. New York, 423 U.S. 61, 62 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975) (emphasis added); United States v. Foreman, 329 F.3d 1037, 1038-39 (9th Cir. 2003) (precluding pre-plea motion for substitute counsel claim); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (as amended) (foreclosing pre-plea ineffective assistance of counsel claim), cert. denied, 516 U.S. 976 (1995).

Because Petitioner has failed to identify his grounds for relief this Court is unable to determine whether he presents a cognizable claim. <u>If Petitioner intends to proceed, his amended petition must be fully completed and any amended petition must specifically identify the grounds for relief.</u>

   2. **Failure to Exhaust Remedies**: Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State or an exception to the exhaustion requirement applies. Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim

| | |
|---|---|
| 1 | is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, |
| 2 | 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 |
| 3 | S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal |
| 4 | court will not entertain a habeas corpus petition unless the petitioner has |
| 5 | exhausted the available state judicial remedies on every ground presented |
| 6 | in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. |
| 7 | 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of |
| 8 | demonstrating that he has exhausted available state remedies. See, e.g., |
| 9 | Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). |

Here, it is unclear whether Petitioner presented *any* claims to the California Supreme Court. However, even assuming that some claims were presented, it appears from the face of the Petition that Petitioner did not raise the *same claims* that he purported to raise in the instant Pettion. See Petition ¶ I, G, 2. It thus appears to the Court that the Petition is subject to dismissal for failure to exhaust state remedies. <u>If Petitioner intends to proceed, his amended petition must be fully completed and he must identify the specific issues that were previously presented to the California Supreme Court.</u>

3. **One Year Statute of Limitations**: Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).[1] Because Petitioner has, once again, failed to provide complete

---

[1]The limitation period shall run from the latest of--
    (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
    (B)   the date on which the impediment to filing an application
(continued...)

3

information, it is unclear whether he ever filed a direct appeal, petitioned the Supreme Court for review and/or filed a habeas petition with the state courts. Nonetheless, even assuming that Petitioner did, it appears from the face of the Petition that any decision from the state court was rendered sometime in 2012. Pet. ¶ I, H. Thus, it appears from the face of the complaint that the statute of limitations for the instant Petition would have run sometime in 2013. Since Petitioner did not file his Petition until August 26, 2014, it would appear untimely and, thus, subject to dismissal. <u>If Petitioner intends to proceed, any amended petition must specifically identify whether (and when) he appealed his conviction, whether he sought review of a denial of appeal in the California Supreme Court, and whether (and when) he sought habeas relief with the California courts</u>.

For the foregoing reasons, the Petition is dismissed with leave to amend. If Petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above on or before **October 13, 2014**. <u>The clerk is directed to send petitioner a blank Central District habeas petition form for this purpose</u>.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended

---

¹(...continued)
created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If Petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If Petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, Petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: September 15, 2014

_____
HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

5